UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GLEN L. WALKER,<br><br>    Plaintiffs,<br><br>    v.<br><br>TWIN CITY FIRE INSURANCE CO., THE HARTFORD,<br><br>    Defendants. | Case No. C19-565RSM<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

## I.  INTRODUCTION

This matter comes before the Court on Defendant Twin City Fire Ins. Co. ("Twin City")'s Motion for Summary Judgment, Dkt. #24.  U.S. Bank moves for dismissal of Plaintiff Glen Walker's claims for insurance coverage and bad faith damages because "he has made material misrepresentations in the presentation of his claims." *Id.* at 1.  Plaintiff Walker has not filed a timely response to this Motion.  Oral argument has not been requested.  For the reasons stated below, the Court GRANTS this Motion and dismisses this case.

## II.  BACKGROUND FACTS

On March 19, 2016, Mr. Walker, while driving his 1968 Chevrolet pickup truck, struck a parked car in Kent, Washington.  When police responded to the scene of the accident, Mr. Walker described the accident to the responding officer, who recorded in his police report the following:

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 1

> Upon arriving I contacted D1 [Walker] who told me that he was driving NB on 116th Ave SE when a car driving SB came into his lane of travel. He said that he swerved out of the way to avoid the vehicle in his lane, and he struck an unoccupied parked vehicle on the shoulder on the East side of the road.

Dkt. #25-1 at 2. Walker was cited for improper lane travel. *Id.*

Mr. Walker was issued an automobile insurance policy by Twin City. The policy provided personal injury protection coverage, uninsured motorist coverage, and coverage for damage to Walker's covered auto. The Twin City policy provides:

> FRAUD
> We do not provide coverage for any insured who has made fraudulent statements or engaged in fraudulent conduct in connection with any accident or loss for which coverage is sought under this policy.

Dkt. #25-15 at 49.

Mr. Walker reported the claim to Twin City on March 20, 2016, and made a personal injury protection ("PIP") claim for medical expenses, wage loss and essential services. He also made a collision claim for damage to his truck. He did not make an uninsured motorist claim.

On March 22, 2016, Mr. Walker provided his first recorded statement to Twin City. Consistent with the police report, Mr. Walker explained in his recorded statement that he swerved to avoid an oncoming vehicle in his lane and struck a parked car. *See* Dkt. #25-2 ("Walker Recorded Statement") at 5:14-6:8. Mr. Walker recounted this same detail to his medical providers. *See* Dkt. #25-3 at 2 and 4.

Mr. Walker provided a second recorded statement to a Twin City investigator three months later on June 2, 2016. Mr. Walker again explained he swerved to avoid a vehicle in his own lane. *See* Dkt. #25-4 at 33:16-35:5.

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 2

On October 3, 2016, Mr. Walker called Twin City, and for the first time, requested his claim be covered as an uninsured motorist ("UIM") claim. *See* Dkt. #25-5. When the adjuster on the phone explained that, due to the facts of the loss as described in two separate recorded statements, there was no such coverage, Mr. Walker stated that a vehicle had approached him from behind, performed a "PIT" pursuit intervention technique maneuver, hitting his vehicle, and causing him to lose control and strike the parked car.

After its investigation was completed, Twin City made the following coverage determinations: Twin City paid Walker $12,388.99 for the damage to his truck under the collision coverage; Twin City denied PIP coverage for wage loss and household services and noted that no medical bills had been submitted (however, Hartford eventually did pay more than $13,000 in medical bills for treatment incurred on the date of the accident at Valley Medical Center that Walker submitted); Twin City denied Walker's UIM claim. *See* Dkts. #25-6, #25-7 and #25-8.

Mr. Walker filed this litigation on March 29, 2019. During the litigation, Walker provided a letter dated July 11, 2016, from an alleged witness, Cheryl Read, corroborating that a vehicle had struck Mr. Walker's truck. Dkt. #25-9.

### III.   DISCUSSION

**A.   Legal Standard**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 3

the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

**B. Analysis**

When interpreting an insurance policy, the court must consider the policy as a whole and arrive at a "fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance." *Quadrant Corp. v. American States Ins. Co.*, 154 Wn.2d at 171, 110 P.3d 733 (2005) (quoting *Weyerhaeuser Co. v. Comm'l Union Ins. Co.*, 142 Wn.2d 654, 666, 15 P.3d 115(2000)). If the language in an insurance policy is unambiguous, "[the court] must enforce it as written; we may not modify it or create ambiguity where none exists." *Quadrant*, 154 Wn.2d at 171.

Here, the Twin City policy does "not provide coverage for any insured who has made fraudulent statements or engaged in fraudulent conduct in connection with any accident or loss for which coverage is sought under this policy." Dkt. #25-15 at 49. Twin City's investigation did not support Mr. Walker's version of the facts. Twin City presents sufficient evidence that Mr. Walker has made misrepresentations in seeking the coverage at issue, including the

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 4

preparation of what appears to the Court to be a fraudulent witness statement. *See* Dkt. #24 at 6–10. The record indicates that Twin City confronted Ms. Read with metadata evidence that her 2016 letter was actually prepared in 2019, that she and Mr. Walker collaborated on her version of events, and that her testimony of what she witnessed was hopelessly incompatible with what Mr. Walker had previously submitted to Twin City and the actual damage to Mr. Walker's vehicle. *See id.*

Clauses similar to the fraud clause at issue have been upheld in Washington. *See, e.g., Mutual of Enumclaw v. Cox*, 110 Wn.2d 643, 757 P.2d 499 (1988). Considering all of the above, combined with Mr. Walker's failure to respond to the instant Motion, the Court finds that Mr. Walker's claims are barred by the Policy and Washington insurance law.

The Court notes that, even if Twin City had not relied on the fraud clause, under the above summary judgment standard there is insufficient evidence for a reasonable jury to conclude that Mr. Walker's claims have any merit. Mr. Walker has failed to make a sufficient showing on the essential elements of his case to survive summary judgment.

## IV.   CONCLUSION

Having considered the applicable briefing submitted by the parties and the entire record, the Court hereby finds and ORDERS that Defendant Twin City's Motion for Summary Judgment, Dkt. #24, is GRANTED. This case is DISMISSED.

DATED this 10th day of December, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE